IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DYSON, INC., | ) | |
|     Plaintiff, | ) | Case No. 14 C 9442 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| SHARKNINJA OPERATING LLC and | ) | |
| SHARKNINJA SALES COMPANY, | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja") have filed objections to the magistrate judge's order denying their motion to compel plaintiff Dyson, Inc. to produce test results relating to Dyson's Cinetic vacuum. For the following reasons, SharkNinja's objections are overruled.

**I. BACKGROUND**

**A. The Parties' Vacuums**

This case arising under the Lanham Act and state law originally pitted Dyson's DC65 vacuum against SharkNinja's Shark Rotator Powered Lift-Away NV650-series vacuums. In September 2015, the court granted Dyson's unopposed motion to amend its complaint to substitute Dyson's "re-engineered Ball Multi Floor" vacuum (which was described as a new iteration of the DC65) and SharkNinja's NV750-series vacuums (which presumably rectify an electrical shock risk that led to a recall of the NV650-series vacuums) as the vacuums-in-suit. The court did so based on the parties' representations that Euro-Pro had made the same or

substantially the same comparative carpet cleaning performance claims about these new vacuums as it did about the original vacuums-in-suit.[1]

Both the original and amended complaints challenge SharkNinja's claim about carpet cleaning superiority based on ASTM F608 testing (removing embedded dirt from carpet).[2] Specifically, in its original complaint, Dyson challenged SharkNinja's claim that the NV650-series vacuums "deep clean[] carpets better than Dyson's best vacuum," which the cited SharkNinja advertisements identify as the DC65 or a "$600 vacuum." (Compl., Dkt. 1, ¶¶ 16-22.) In its amended complaint, Dyson alleges that its "best vacuum" for the purposes of carpet cleaning performance is the re-engineered Ball Multi Floor, which it claims has "an updated, improved cleaner head," "provides superior pick up performance on carpet," "performs better under ASTM F608 testing than its prior iteration, the DC65," and "performs better under ASTM

---

[1] When granting Dyson's agreed motion for leave to file an amended complaint, the court accepted the parties' representation that the amendment would update the vacuum models but not add any new issues. In reviewing the amended complaint in connection with SharkNinja's objections, and with the benefit of the parties' current discussion of the "best vacuum" descriptor, the court noticed that Dyson has alleged that "[t]he statement 'Dyson's Best Vacuum– DC65' is literally false. The former DC65 is not Dyson's best vacuum; rather, Dyson's best vacuum in terms of carpet cleaning ability is the re-engineered machine sold under the name Dyson Ball Multi Floor. Euro-Pro knows this and is intentionally misinforming consumers as to the nature and quality of Dyson's machines, as well as the relative performance of its own Shark Rotator Powered Lift-Away." (Am. Compl., Dkt. 153, ¶ 48.) Dyson thus appears to be challenging the truth of SharkNinja's advertising relative to the cleaning ability of Dyson's DC65 versus Dyson's re-engineered Ball Multi Floor. The court will not preclude Dyson from attempting to justify this expansion of its complaint past its original challenge to the truth of SharkNinja's comparative claims about Dyson versus SharkNinja vacuums. However, it notes that this appears to be a new claim that did not appear in the original complaint.

[2] Generally, an amended complaint supercedes the original complaint for all purposes. *See*, *e.g.*, *Posey v. Pruger*, No. 10 C 3574, 2015 WL 5610764, at *4 (N.D. Ill. Sept. 22, 2015) ("An amended complaint supersedes all earlier pleadings and renders them void") (collecting cases). The court will nevertheless reference the original complaint for historical context.

F608 testing than the Shark Rotator Powered Lift-Away [NV650/750-series vacuums]." (Am. Compl., Dkt. 153, ¶ 44.) The amended complaint, like the original complaint, repeats Dyson's challenge to SharkNinja's advertising claims about the purported carpet cleaning superiority of Shark's NV650/NV750 vacuums versus "Dyson's best vacuum." Dyson's amended complaint points to SharkNinja advertising identifying Dyson's "best" as either the DC65 or a "$600 Dyson" which a Shark-Ninja advertisement reproduced later in the amended complaint defines as the DC65. (*Id*. ¶¶ 15-26, 38.)

The re-engineered Ball Multi Floor started shipping in April 2015 and Dyson launched its marketing campaign for that vacuum in June 2015. According to Dyson's amended complaint, as of June 2015, the re-engineered Ball Multi Floor became its new "best" vacuum for purposes of carpet cleaning. (*Id*. ¶ 46.) In its amended complaint, Dyson alleges that after the launch of the re-engineered Ball Multi Floor in June 2015, SharkNinja continued to run infomercials, television spots, and other advertisements identifying the DC65 as Dyson's "best" vacuum. (*Id*. ¶ 47). Dyson claims that this statement is "literally false" because as of June 2015, Dyson's "best" vacuum is the re-engineered Ball Multi Floor. (*Id*. ¶ 48).

Although neither the original nor the amended complaint mentions the Cinetic. let alone describes it as Dyson's "best" vacuum, SharkNinja stresses that Dyson subsequently claimed in correspondence and on its website that the Cinetic is Dyson's "best" vacuum. SharkNinja contends that this means that Dyson opened the door to discovery as to whether the Shark NV650/750-series vacuums clean carpets better than the Cinetic based on ASTM F608 testing during the relevant time period.

**B.     The Magistrate Judge's Order Denying SharkNinja's Motion to Compel**

In support of its contention that Dyson believed that the Cinetic was its "best" vacuum for carpet cleaning, SharkNinja relied heavily on two letters sent by Dyson's counsel to SharkNinja's counsel: (1) an April 13, 2015 letter stating that "the Dyson Cinetic™ Big Ball vacuum . . . is, in fact, Dyson's 'Best Vacuum,'" and ASTM F608 testing on the Cinetic "proves that Dyson's 'Best Vacuum' cleans carpets better than the Shark Rotator Powered Lift-Away" (Dkt. 196-2, at 2-3); and (2) a June 10, 2015 letter identifying the Cinetic as Dyson's "top-of-the-line upright vacuum" (Dkt. 196-3). The magistrate judge rejected SharkNinja's position that upon receipt of these letters, it "understood" that Dyson was claiming its "best" vacuum was the Cinetic given that SharkNinja's attorney sent a December 30, 2015 email to Dyson's attorneys indicating that he apparently had received different "letters this past spring/summer [from] Mr. LoCascio claim[ing], as does Dyson in its Amended Complaint, that its best performing vacuum is the Ball Multi Floor." (Dkt. 196-1, at 11.)

SharkNinja also pointed to Dyson's webpage for the Cinetic, which asserts that the Cinetic has "[b]etter overall performance than any other vacuum. This vacuum has the highest geometric average when carpet, hard floor and creviced hard floor pick-up results are combined." (Doc. 228, at 5). Relying on this court's distinction between carpet cleaning performance and cleaning performance over multiple floor types, the magistrate judge held that this "does not equate to an assertion that the Cinetic is Dyson's 'best vacuum' for purposes of deep cleaning carpets under ASTM F608, which is the only relevant metric in this case." (Feb. 9, 2016 Order, Dkt. 261, at 4-5.)

The magistrate judge was also not persuaded by SharkNinja's contention that a quote attributed to SmartReview.com that describes the Cinetic as "Dyson's best upright vacuum and best pet hair vacuum" (Dkt. 228, at 4) was a "consumer endorsement" subject to the FTC Guides Concerning Use of Endorsements and Testimonials in Advertising. *See* 16 C.F.R. § 255.2 (when using a consumer endorsement, an advertiser "must possess and rely upon adequate substantiation, including, when appropriate, competent and reliable scientific evidence to support such claims made through endorsements in the same manner the advertiser would be required to do if it had made the representation directly."). Alternatively, the magistrate judge noted that the SmartReview.com statement did not claim that the Cinetic was Dyson's "best" vacuum for deep cleaning carpeted surfaces, which is the cleaning claim at issue in this case. Thus, the magistrate judge denied SharkNinja's motion to compel production of Dyson's Cinetic testing documents.

## II. LEGAL STANDARD

Where a magistrate judge has decided a nondispositive pretrial matter, such as a discovery motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir.1997). To satisfy this standard, SharkNinja "must show that [the magistrate judge's] order was clearly erroneous or contrary to law." *Velocity Patent, LLC v. Audi of Am., Inc.*, No. 13-CV-8418, 2014 WL 7054314, at *1 (N.D. Ill. Dec. 11, 2014).

## III. DISCUSSION

SharkNinja argues that Dyson seeks damages for a period of time when Dyson offered its DC65, re-engineered Ball Multi Floor, and Cinetic vacuums for sale. According to SharkNinja, "[a]s a result, the issue of which vacuum is Dyson's 'best vacuum' is significant" because if "Cinetic is Dyson's 'best vacuum,' for some or all of the damages period, and the test results show that NV650 cleans carpets better than Cinetic (and the ad claim therefore is truthful), then Dyson is not entitled to any damages for that period."[3] (Defs.' Obj., Dkt. 281, at 4.) SharkNinja thus argues that Dyson's test results for the Cinetic are relevant. It also argues that Dyson's amended complaint "put into issue whether the Ball Multi Floor is its "best vacuum" and a jury, not the court, must decide this disputed issue of fact. (*Id*. at 5.) Remarkably—and without addressing or even acknowledging the court's contrary December 28, 2015 order addressing this issue—SharkNinja also argues that allowing discovery about testing performed on the Cinetic is "consistent with the court's prior orders limiting claims and defenses." (*Id*. at 7.)

SharkNinja's position suffers from a fatal flaw: in the court's December 28, 2015 order, it repeatedly held that this case is about the accuracy of claims about comparative carpet cleaning ability between Dyson's DC65/re-engineered Ball Multi Floor and SharkNinja's NV650/NV750-series vacuums based on ASTM F608 carpet cleanability testing:

- "[O]nce again, this case is about SharkNinja's carpet cleaning superiority claims based on ASTM F608 testing performed on the DC65 and the Shark NV650-series vacuums (now sold in similar or identical form as Dyson's "re-engineered Ball Multi Floor" and SharkNinja's NV750-series vacuums, respectively). It is not based on Dyson's claim about the DC65's ability to clean carpet versus the ability of every other vacuum in the marketplace to clean carpet. Similarly, it is

---

[3] Presumably, SharkNinja means the NV750, not the NV650, as the NV750-series vacuums are the current SharkNinja vacuums-in-suit.

> not about the DC65's ability to clean hard floors or the DC65's comparative ability to clean hard floors versus every other vacuum in the marketplace.
>
> - This case "is about whether SharkNinja's advertising claims about (1) the vacuums-in-suit based on (2) ASTM F608 carpet cleanability testing (3) violate the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, and Illinois common law."
>
> - Dyson "is challenging SharkNinja's claim that its NV650 and NV750-series vacuums deep clean carpets better than Dyson's DC65 or "Dyson's best vacuum" (*i.e.*, the DC65 and, now, the re-engineered Dyson Ball Multi Floor) based on comparative ASTM F608 testing."
>
> - The court will hold Dyson to its representation that although "SharkNinja may describe the limitations of both its suction and carpet cleaning claims in a single disclaimer at the bottom of the page, Dyson has only challenged SharkNinja's carpet cleaning claims" that are based "exclusively [on] testing performed under ASTM F608, and not with ASTM F558 suction power testing."). (Dkt. 178 at 4-5.)

(Dec. 28, 2015 Order, Dkt. 187, at 7-10.)

This effort to cabin SharkNinja's efforts to expand the scope of this lawsuit in order to obtain discovery about carpet cleanability and other types of testing on a seemingly never ending series of Dyson vacuums other than the DC65 and the re-engineered Ball Multi Floor—including Dyson's DC33, DC41, and DC59 vacuums (*see id.* at 8)—has obviously fallen on deaf ears. The court's earlier observation about SharkNinja's repetitive contention that testing from IBR (Dyson's outside laboratory) and testimony from IBR's Susan Goldsmith are unreliable is equally applicable to SharkNinja's continued insistence that it is entitled to a range of test results (not just carpet cleanability) for vacuums other than the DC65 and the re-engineered Ball Multi Floor: "[SharkNinja] need not and should not keep rebriefing this issue. It wastes the court's time and is extremely annoying." *Dyson, Inc. v. Euro-Pro Operating LLC*, No. 14 C 9442, 2015 WL 1120006, at *17 n.21 (N.D. Ill. Mar. 10, 2015).

The court will nevertheless briefly comment on SharkNinja's effort to cast the Cinetic as Dyson's "best" vacuum. First, SharkNinja asserts that Dyson's amended complaint "put into issue whether the Ball Multi Floor is its 'best vacuum' and a jury, not the court, must decide this disputed issue of fact." (Defs.' Obj., Dkt. 281, at 5.) This section of SharkNinja's brief and the corresponding section of SharkNinja's reply memorandum are not supported by any authority and SharkNinja does not address the proper standard of proof.[4] The court will neither develop and research arguments for SharkNinja (which at last count was represented by a team of ten attorneys) nor accept its unsupported legal contentions. *See*, *e.g.*, *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) (the court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel").

Second, even if Dyson's counsel at varying points claimed that both the Cinetic and the re-engineered Ball Multi-Floor were the "best" at cleaning carpets, SharkNinja's challenged advertisements make claims of carpet cleaning superiority versus the DC65 and its successor vacuum, the re-engineered Ball Multi-Floor. Even SharkNinja concedes this point, as it must, stating that its "advertising claim is expressly against the DC65," "[t]he claim is a carpet cleaning superiority claim against Dyson's 'best vacuum,' expressly referencing the DC65," and

---

[4] In this regard, the court does not understand how a carpet cleanability claim about Dyson's "best" vacuum (which the challenged SharkNinja advertisements define as the DC65) can later transmogrify into a general superiority claim about a different Dyson vacuum's performance. An establishment claim is an advertising claim "in the form 'tests show X'." *Dyson, Inc.*, 2015 WL 1120006, at *11 (quoting *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1090 (7th Cir. 1994)). This case is about Dyson's challenge to SharkNinja's claim that ASTM F608 tests purportedly show that the NV750-series vacuums deep clean carpets better than the re-engineered Ball Multi Floor. It was previously about SharkNinja's claim that the NV650-series vacuums deep clean carpets better than the DC65. SharkNinja is the author of its claims and is bound by the plain meaning of the claims it chose to make.

"Dyson's 'best vacuum' is a comparison to the DC65 (as expressed in the claim itself)." (Defs.' Reply, Dkt. 296, at 4 n.1, 5-6.) This is consistent with the fact that the specific SharkNinja advertisement cited in Dyson's amended complaint that refers to Dyson's "best" vacuum expressly references the DC65 and ASTM F608 carpet cleanability testing:[5]



(Am. Compl., Dkt. 153, ¶ 17.) Accordingly, for the purposes of this lawsuit, "best" is a qualifier associated with (1) the DC65 and the re-engineered Ball Multi-Floor and (2) carpet cleanability comparative testing under ASTM F608, which, as the magistrate judge correctly observed, is the only relevant testing metric in this case.

---

[5] The small print at the bottom of the ad also refers to ASTM F558 suction testing. The court has previously held that although SharkNinja may describe the limitations of its suction and carpet cleaning claims in a single disclaimer, Dyson has only challenged SharkNinja's carpet cleaning claims based on ASTM F608 cleanability testing. (Dec. 28, 2015 Order, Dkt. 187, at 8-9.) Thus, SharkNinja's advertising reference to ASTM F558 suction testing is not germane to the issues presently before the court.

This conclusion is not affected by SharkNinja's contention that its advertising claim is against Dyson's "best" vacuum (whatever that might be at any given time based on any given metric or collection of metrics), as opposed to Dyson's "best vacuum for the purposes of carpet cleaning." (Defs.' Reply, Dkt. 296, at 4-6.) As discussed above, for the purposes of this case, SharkNinja has not established that the identity of Dyson's "best vacuum" is a fact question meriting discovery. SharkNinja has also not established that this issue is divorced from ASTM F608 carpet cleanability testing. Any such contention would be inconsistent with the SharkNinja advertisements that are at the heart of this case. In sum, much though SharkNinja would like to be able to obtain discovery from Dyson about other types of testing and test results relating to other vacuums, this case is *not* about anything other than (1) comparative ASTM F608 carpet cleanability testing claims for (2) the vacuums-in-suit.

SharkNinja's contention that "Dyson did not respond at all to SharkNinja's argument that the results of its Cinetic testing would explain why Dyson suddenly changed its position as to which vacuum is Dyson's 'best vacuum,' and that ground is conceded" is also not well taken. (Defs.' Reply, Dkt. 296, at 2.) A party does not make a legally binding admission by declining to respond to pejorative remarks made by the other side's attorneys. SharkNinja's waiver argument is unavailing.

Enough is enough. SharkNinja's objections to the magistrate judge order's order denying SharkNinja's motion to compel Dyson to produce Cinetic test results are overruled. As Judge Burroughs aptly remarked in a different context in the Boston "twice the suction" case between SharkNinja and Dyson, "[o]verall, the Court has little patience for [SharkNinja's] late efforts to pursue a legal theory that is not articulated anywhere in the operative Complaint." *Euro-Pro*

*Operating, LLC v. Dyson, Inc.*, No. 1:14-cv-13720-ADB, Dkt. 156 at 5 (D. Mass. Feb. 2, 2016) (unpublished order). The same can be said for this case. SharkNinja is cautioned that further efforts to expand this case beyond the vacuums-in-suit and comparative ASTM F608 cleanability testing may be met with a rule to show cause why SharkNinja and its counsel should not be sanctioned.

## IV. CONCLUSION

For the reasons set forth above, Shark-Ninja's objections to the magistrate judge's order denying its motion to compel Dyson to produce Cinetic test results [281] [282] are overruled.


Date:   April 7, 2016                                             /s/
                                                        Joan B. Gottschall
/cc                                                     United States District Judge