IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON, INC., | ) |
| *Plaintiff*, | ) Case No.: 1:14-cv-09442 |
| v. | ) Judge: Honorable Joan B. Gottschall |
| SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY, | ) **JURY TRIAL DEMANDED** |
| *Defendants*. | ) |

## PLAINTIFF DYSON, INC.'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiff Dyson, Inc., ("Dyson") by and through its undersigned attorneys, respectfully moves the Court to grant summary judgment in its favor on Counts I (False Advertising under 15 U.S.C. § 1125), II (Deceptive Trade Practices under 815 ILCS 510/1, *et seq*.), and III (False Advertising under Illinois common law) of Dyson's First Amended Complaint (Dkt. 153), and to grant summary judgment to Dyson on SharkNinja's First Affirmative Defense (unclean hands), Second Affirmative Defense (laches), Third Affirmative Defense (estoppel), and Fourth Affirmative Defense (waiver) (Dkt. 167 at 22–25). The grounds for this motion are set forth below and in further detail in Dyson's Memorandum of Law in Support of its Motion for Summary Judgment and Local Rule 56.1 Statement of Undisputed Facts filed concurrently herewith.

1.  Dyson succeeds on its Lanham Act claims by proving that: (1) Shark made a false statement of fact; (2) the statement actually deceives or has the tendency to deceive a substantial segment of its audience; (3) the deception is material in that it is likely to influence the purchasing decision; (4) Shark touted goods entering interstate commerce; and (5) the statement

results in actual or probable injury to the plaintiff. *See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999). Dyson is moving for summary judgment on three separate bases. *First*, Shark's accused advertising claim that "independent lab testing" proves that its Shark Rotator Powered Lift-Away vacuum "deep cleans carpets better than Dyson's best vacuum," is literally false as a matter of law. The testing performed by Shark's third-party laboratory Intertek was not conducted "independently" of Shark. To the contrary, Shark's head of testing expressly told Intertek which suction setting on the Rotator Powered Lift-Away to use in connection with the ASTM F608 test after Intertek had already begun testing the vacuum on a different setting based on Intertek's own independent reading of the Rotator Powered Lift-Away manual, thus improperly inflating the results. As a result, Dyson is entitled to summary judgment for the entire timeframe that Shark claimed "independent lab tests" prove its ad claim. *Second*, in addition to Shark's purported substantiation testing not being "independent," Shark did not have any testing to support its ad claim from July 8, 2014, to August 12, 2014. *Third*, again in addition to Shark's purported substantiation testing not being "independent," Shark has no external testing that substantiates its claim against Dyson's Re-Engineered Ball Multi-Floor vacuum, which is Dyson's "best vacuum" in terms of carpet cleaning performance. Because Shark's claim makes explicit reference to tests [*i.e.*, is an establishment claim], Dyson may satisfy its burden by showing that Shark's tests do not prove the proposition. *See BASF v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1090 (7th Cir. 1994). Because the accused advertising claim is literally false, Dyson is entitled to a presumption of consumer deception. *Market Track, LLC v. Efficient Collaborative Retail Marketing, LLC*, No. 14 C 4957, 2015 WL 3637740, at *20 (N.D. Ill. June 12, 2015). As set forth in Dyson's Memorandum of Law, Shark's literally false claim challenging the carpet-cleaning performance of Dyson's "best vacuum" is material to

consumer purchasing decisions and resulted in actual injury to Dyson. Shark does not dispute that Shark's accused advertising claim was made in connection with goods sold in interstate commerce and was disseminated nationally. Accordingly, there is no genuine dispute of material fact that Dyson satisfies all of the elements of its Lanham Act false advertising claim, and the Court should enter summary judgment in Dyson's favor on that claim.

2. Dyson's state law claims (Counts II and III) rise and fall with Dyson's Lanham Act claim under Count I. Because Dyson has established liability under Count I as a matter of law, Dyson is also entitled to summary judgment on Counts II and III.

3. Shark's affirmative defense of unclean hands, alleging that Dyson failed to remove its "Twice the Suction" claim from the market quickly enough following the release of the NV650, fails as a matter of law because there is no "direct nexus" between the alleged improper conduct and Dyson's false-advertising claim against Shark. *Intertek USA Inc. v. AmSpec, LLC*, No. 14 CV 6160, 2014 WL 4477933, at *7 (N.D. Ill. Sept. 11, 2014). The Court should enter summary judgment in Dyson's favor on this defense.

4. Shark failed to develop legally sufficient evidence to support its defenses of laches, waiver, and estoppel, and summary judgment should be granted to Dyson with respect to each one. With respect to laches, Shark cannot establish that Dyson unreasonably delayed as a matter of law, and Shark adduced no evidence of prejudice to Shark resulting from any such alleged delay. Shark's waiver defense fails as a matter of law because none of the evidence Shark relies upon shows that Dyson intentionally relinquished a known right or that Dyson manifested any such intention to Shark. Shark's estoppel defense fails because Shark identified no act or misrepresentation by Dyson that Shark reasonably relied upon and as a consequence changed Shark's position for the worse. Therefore, as a matter of law, Shark cannot prevail on

3

its laches, waiver, and estoppel defenses and summary judgment in favor of Dyson is appropriate.

WHEREFORE, Dyson respectfully requests this Court enter summary judgment in Dyson's favor.

## **REQUEST FOR ORAL ARGUMENT**

In accordance with Local Rule 78.3, Dyson respectfully requests oral argument on this Motion.

Dated: April 25, 2016                             Respectfully submitted,

By: */s/ Robin A. McCue*
Robin A. McCue (IL Bar No. 6256551)
rmccue@kirkland.com
Ian J. Block (IL Bar No. 6299117)
ian.block@kirkland.com
Megan M. New (IL Bar No. 6300442)
megan.new@kirkland.com
Brian A. Verbus (IL Bar No. 6314193)
brian.verbus@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
glocascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for Plaintiff Dyson, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2016, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Case Filing System on this date.

By: _/s/ Robin A. McCue_